IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT THOMAS MAXWELL/G-DOFFEE
ADC #108778                                                              PLAINTIFF

v.                          No. 5:13-cv-291-DPM-JJV

RICHARD CLARK, Sgt., ADC Maximum
Security Unit, *et al.*<sup>*</sup>                                       DEFENDANTS

ORDER

After *de novo* review, the Court adopts in part and declines in part the recommendation, № 113. FED. R. CIV. P. 72(b)(3). Maxwell/G-Doffee's objections, № 114, are overruled in part and sustained in part.

1. The Court declines without prejudice Section IV(C)(2) about the verbal-abuse claims against Clark and Cooksey. Their sole argument for summary judgment on this point is that verbal threats can't support a § 1983 claim. *№ 97 at 25–26; see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). But this general rule has exceptions. Retaliatory threats can support

---

<sup>*</sup>Several Defendants' names were initially misspelled or incomplete. The Court directs the Clerk to amend the docket to reflect the following Defendants' corrected names: Richard Clark, Gregory Chambers, Ned Butler, LaKenya Jackson, Edward Engstrom, William Straughn, Maurice Williams, Joyce Gooley, and Beverly Hillard. *№ 113 at 12.*

a § 1983 claim, as can some threats against a prisoner's life. *E.g., Proctor v. Harmon*, 257 F.3d 867, 868 (8th Cir. 2001) (*per curiam*); *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994); *Burton v. Livingston*, 791 F.2d 97, 100–01 (8th Cir. 1986). And in light of these exceptions, Maxwell/G-Doffee has alleged facts that, taken as true, at least state a claim. *E.g., № 2 at 9–11, 16–17, 42–43*. Clark and Cooksey's motion for summary judgment, № 96, is therefore denied without prejudice on this point.

2. The Court adopts the remainder of the recommendation and overrules Maxwell/G-Doffee's other objections. The ADC Defendants' motion for summary judgment, № 96, is granted in part, denied in part, and denied without prejudice in part. Beverly Hillard's separate motion for summary judgment, № 107, is granted. And Maxwell/G-Doffee's motion for preliminary injunctive relief, № 112, is denied.

3. Maxwell/G-Doffee's claims against Defendants Chambers, Butler, Engstrom, Straughn, Williams, Gooley, Turner, Jenkins, Hillard, LaKenya Jackson, and Anothony Jackson are dismissed without prejudice for failure to exhaust.

4. Maxwell/G-Doffee's official-capacity claims are dismissed with prejudice.

5. Maxwell/G-Doffee's claims against Justine Minor are dismissed with prejudice.

6. Maxwell/G-Doffee's state-law claims that aren't related to his claims for excessive force, failure to protect, and verbal abuse are dismissed without prejudice.

7. Maxwell/G-Doffee's claims seeking criminal prosecution are dismissed without prejudice for failure to state a claim.

\* \* \*

Maxwell/G-Doffee's August 2013 excessive-force and failure-to-protect claims (federal and state) must be tried. A final scheduling order will issue soon. Any second motion for summary judgment should be filed by 31 December 2015.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

21 October 2015