IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT THOMAS MAXWELL/G-DOFFEE
ADC #108778                                                                              PLAINTIFF

v.                                            No. 5:13-cv-291-DPM

RICHARD CLARK, Sgt., ADC Maximum
Security Unit, and RODERICK L. COOKSEY, JR.,
Corporal, ADC Maximum Security Unit                                     DEFENDANTS

ORDER

1. G-Doffee's motion for a new trial, № 175, and embedded request to strike Defendants' response, № 181 at 2–3, are denied. No meritorious ground for another trial has been presented. His motion for a copy of this order, № 182, is granted. The Clerk will send it to him.

2. G-Doffee claims that, near the end of the trial, a juror tried to communicate with Defendant Clark. № 175 at 3. The Court observed the jury closely throughout the proceedings and didn't see this alleged misconduct. Most importantly, G-Doffee didn't bring the alleged attempt at communication to the Court's attention when it happened, or promptly thereafter. He could have and should have. G-Doffee was deeply involved in his case. He communicated regularly and extensively with his appointed lawyer throughout the proceedings. Yet neither G-Doffee nor counsel raised

this alleged impropriety during trial. Holding back on this issue has deprived the Court of the opportunity to investigate and, if need be, to cure. G-Doffee therefore waived his objection. *Yannacopoulos v. General Dynamics Corporation*, 75 F.3d 1298, 1304 (8th Cir. 1996).

**3.** G-Doffee's other proposed grounds for a new trial—most waived at trial—lack merit. First, there was no discovery violation, № 175 at 6–7, because Clark and Cooksey weren't required to disclose evidence used solely for impeachment. FED. R. CIV. P. 26(a)(1) & (3). Second, after lengthy proceedings outside the jury's presence, G-Doffee chose to follow his lawyer's advice about the Tracy Bryant letters. № 175 at 5–6. He can't walk back that decision now. Third, though both sides were zealous, nothing in the closing arguments was so prejudicial as to warrant a new trial. Fourth, though G-Doffee disagrees with the jury's verdicts, those verdicts aren't against the weight of the evidence. *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). And fifth, on his preserved claims of error, G-Doffee hasn't offered any reason for this Court to change the rulings it made before and during trial.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

14 December 2016